UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENEVA HOLMES-JAMES,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 16-cv-05573-HSG<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 13 |

Plaintiff Geneva Holmes-James seeks judicial review of the dismissal of her benefits claim under the Social Security Act. Because Plaintiff has not exhausted her administrative appeal remedies, this Court lacks subject matter jurisdiction. The Court accordingly GRANTS the pending motion to dismiss.

**I.  BACKGROUND**

Plaintiff receives Supplemental Security Income benefits from the Social Security Administration ("SSA"). Defendant Commissioner of Social Security ("Defendant" or "Commissioner") determined that the SSA had overpaid Plaintiff by $1,727.35 from March 2006 through February 2007. In March 2007, Defendant notified Plaintiff of the overpayment. Plaintiff then filed a request for a hearing before an administrative law judge ("ALJ"), rather than a request for reconsideration. Finding that Plaintiff did not have the right to a hearing without first requesting reconsideration, the ALJ dismissed her request for a hearing on September 25, 2011. On September 30, 2016, Plaintiff filed this civil action for judicial review of the ALJ decision to dismiss her benefits claim.

**II.  LEGAL STANDARD**

A party may file a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1)

challenging the subject matter jurisdiction of the Court. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As such, they may only review cases as authorized by either the Constitution or a federal statute. *Id.* "If jurisdiction is lacking at the outset, the district court has no power to do anything with the case except dismiss [it]." *Morongo Band of Mission Indians v. California Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) (quotation omitted).

Congress has limited federal courts' jurisdiction over SSA determinations. Under the Social Security Act, federal courts may only review a "final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g). Although the Social Security Act does not define the term "final decision," the Commissioner has done so by regulation. *Weinberger v. Salfi*, 422 U.S. 749, 751 (1975) (recognizing power of the Commissioner to define "final decision"); *see also* 42 U.S.C. § 405(a) (outlining Commissioner's powers). Under the applicable regulations, a claimant must first complete the SSA's administrative review process before she can obtain a judicially reviewable final decision. 20 C.F.R. § 416.1400(a)(1)–(5) (enumerating the four steps in the administrative review process); *Califano v. Sanders*, 430 U.S. 99, 108 (1977) (Section 405(g) "clearly limits judicial review to . . . a 'final decision' of the [Commissioner] made after a hearing.").

## III. ANALYSIS

The Court finds that Plaintiff has not fully exhausted the SSA's prescribed administrative remedies and that the Court must therefore dismiss the case for lack of subject matter jurisdiction.

The SSA's prescribed administrative remedies consist of the following four steps: First, the SSA provides the claimant with an initial determination. 20 C.F.R. § 416.1400(a)(1). Second, if the claimant is dissatisfied with the initial determination, then she may ask the SSA to reconsider it. 20 C.F.R. § 416.1400(a)(2). Third, if the claimant is dissatisfied with the reconsidered decision, then she may request a hearing before an ALJ. 20 C.F.R. § 416.1400(a)(3). And finally, if the claimant is not satisfied with the ALJ's decision, then she may request that the SSA's Appeals Council review the ALJ's decision. 20 C.F.R. § 416.1400(a)(4). The Appeals Council may either grant review or deny the request and allow the ALJ's decision to stand as the

1 final decision of the Commissioner. 20 C.F.R. § 416.1467.

There is no final decision subject to federal judicial review unless and until all four steps of the administrative review process have been completed. 20 C.F.R. § 416.1400(a)(5). If the claimant fails to complete all four steps of the administrative review process, then the SSA's initial determination is binding and the claimant may not seek judicial review in the federal courts. *See* 20 C.F.R. §§ 416.1405, 416.1421, 416.1455, 416.1481.

Here, Plaintiff has failed to complete all four steps of the administrative review process. After Plaintiff received the SSA's initial determination, she did not request reconsideration. Instead, she filed a request for a hearing with an ALJ. The ALJ dismissed her request for hearing but advised her as to how to proceed. In the Order of Dismissal, the ALJ informed Plaintiff that if she wanted to appeal the SSA's initial determination, then "she should file the request for reconsideration with the field office . . . within 60 days." Dk. No. 13-1 at 8. Plaintiff did not do so and filed this case in federal court instead. Consequently, Plaintiff has not exhausted her administrative remedies in two ways: She failed (1) to request reconsideration of the SSA's initial determination and (2) to request that the Appeals Council review the ALJ's decision. Because Plaintiff missed these steps, there is no final decision which the Court has subject matter jurisdiction to review.

## IV. CONCLUSION

Because the Court lacks subject matter jurisdiction, the Court GRANTS Defendant's motion to dismiss and denies the other motions as moot. The clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: 4/28/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge